EVERTSON
v.
BOOTH.

GEORGE B. EVERTSON, *Appellant,*

*against*

GEORGE BOOTH, RICHARD BOOTH, JABISH BOSWORTH, and GEORGE MERKLE, *Respondents.*

Where a creditor has a lien on two funds out of which he can satisfy his debt, and a subsequent creditor has a lien on one of the funds only, the first creditor must resort to the fund which the second creditor cannot touch, in order that the second creditor may avail himself of his only security; provided, it may be done without injury to the prior creditor, or impairing his rights.    But where the sufficiency of the fund to which the junior creditor cannot resort, is doubtful, or the prior creditor refuses to run the hazard of obtaining satisfaction of his debt out of that fund, equity will not take from him any part of his security, until his debt is paid.

A mortgagee who has assigned the bond and mortgage, and guaranteed the payment of the principal and interest, may take additional security from the mortgagor, in his own name, which will enure to the benefit of the assignees of the mortgage, though they were ignorant of its being taken; and the mortgagee may avail himself of this additional security, until he is indemnified against all responsibility under his guaranty.

A subsequent creditor who is desirous to compel the mortgagee, or his assignees, to resort to the mortgage security for payment of the debt, must make the assignees parties to a bill filed for that purpose; for a sale of the mortgaged premises, in order to ascertain the sufficiency of that security, could not be decreed unless the assignees were made parties.    A bill against the mortgagee alone is not adapted to such a case.

APPEAL from the Court of Chancery.

The respondents, on the 29th of *September*, 1820, filed their bill in the Court of Chancery against the appellant, and the *President and Directors of the Middle District Bank.* It appeared, that in *November*, 1817, *G. Booth*, being indebted to the appellant in the sum of 6,000 dollars, gave a bond to him for that amount, payable in five annual installments, the first on the 1st of *May*, 1819, and the others on the 1st of *May* in the four succeeding years, with interest, payable half-yearly; and to secure this bond, *G. B.* executed a mortgage to the appellant, of four acres of land in *Poughkeepsie*, on which were a dwelling house, a woollen manufactory, shops, and out-houses. There was a prior mortgage of the same premises by *G. B.* to the state, to secure the sum of 5,000 dollars, and on which mortgage, as was alleged, there was due, at the time of the decree in the cause, 7,230 dollars and 18 cents, which, together with the

IN ERROR.

ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

principal and interest due on the mortgage to the appellant, made the total amount for which the premises were charged, 14,175 dollars and 18 cents. The bill alleged, that the mortgaged premises were worth 20,000 dollars, and that after satisfying the prior mortgage, they were ample security for the debt due to the appellant. About the 23d of *May*, 1819, *G. B.* made a promissory note for 1,400 dollars, payable at the *Middle District Bank*, sixty days after date, and which was endorsed by the other respondents, severally, and by the appellant, who was the last endorser. This note was protested for non-payment, and the several endorsers became liable, respectively, in the order in which their names were endorsed. The appellant, on the 16th of *April*, 1819, endorsed *G. B.'s* note for 440 dollars, payable in sixty days, which was, also, discounted for the benefit of *G. B.*, and, afterwards, protested for non-payment. In *November*, 1817, the appellant assigned the bond and mortgage of *G. B.* to the executors of *N. Evertson*, and guaranteed the payment of the principal and interest. The *Middle District Bank* sued the endorser of the note, for 1,400 dollars, and obtained judgments against *R. B.* and *G. M.*, and issued executions against their property.

On the 27th of *May*, 1819, *G. B.* executed a bond and warrant of attorney to the appellant, in the penalty of 15,000 dollars, conditioned to pay 7,940 dollars, with interest, on which a judgment was entered up in the Court of C. P. of *Dutchess County*, on the same day. A *specification* was filed, pursuant to the act, stating the consideration to be for cash lent, 3,000 dollars, and for wool sold, 3,000 dollars, included in the bond and mortgage, and that *G. B. E.*, the appellant, had endorsed two notes for *G. B.*, discounted and held by the *Middle District Bank*, one supposed to be for 1,500 dollars, and the other for 440 dollars. The appellant issued a *fieri facias* on this judgment, returnable in *June*, 1819, on which the personal property of *G. B.* was sold by the sheriff, at auction, for 3,157 dollars and 56 cents, of which the appellant received 1,657 dollars and 56 cents, and there remained in the hands of the sheriff, or under his control, 1,500 dollars. It appeared that the other respondents had no agency in procuring *G. B.* to give the bond and

IN ERROR.
........

ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

warrant of attorney to the appellant, and had no knowledge of it. The bill *prayed*, that *G. B. E.*, the appellant, might be enjoined from receiving of the sheriff the 1,500- dollars, in his hands; and that the same be directed to be paid over to the *Middle District Bank*, in payment of the claim of the bank against *R. B.*, *J. B.*, and *G M.*, respondents, endorsers of the note for 1,400 dollars ; or that the appellant be decreed to satisfy the *Middle District Bank* for all the damages and costs which can be legally claimed against the said endorsers, by the bank ; and that the bank may be enjoined from further prosecuting their suits against the endorsers, and for general relief, &c.

The answer of *G. B. E.*, the appellant, denied that the mortgaged premises were worth 20,000 dollars, but, on the contrary, that they were not worth the amount due on the two mortgages, as the interest on the first mortgage remained unpaid. That at the time of taking the mortgage, the appellant did not consider it as adequate security, and the respondent, *G. Booth*, agreed to procure, by way of further security, a policy of insurance against fire, on the buildings, and factory, and assign the same to the appellant ; and that *G. B.*, accordingly, obtained a policy of insurance, dated the 5th of *December*, 1816, for one year, but neglected to have the same renewed. He denied, also, that the bond and warrant executed by *G. B.* to him, were upon any trust for the respondents, but were solely for the security of the appellant ; and that neither the *Middle District Bank*, nor the endorsers of the note for 1,400 dollars, had any interest whatever in the judgment.

The *Middle District Bank*, also, put in their separate answer, and a motion was made to dissolve the injunction, which was denied, with liberty to the plaintiffs (respondents) to apply for an order to have the money in the sheriff's hands brought into the Court of Chancery, to abide the event of the suit ; and the money was, accordingly, brought into the Court, pursuant to an order for that purpose.

Proofs were taken, by the parties, and the cause brought to a hearing, when, the Chancellor, on the 20th of *August*, pronounced the following decree:

IN ERROR.

ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

"This cause having been brought to a hearing by consent, upon the pleadings and proofs, and submitted by Mr. *Philo Ruggles*, counsel for the plaintiffs, and Mr. *James Tallmadge, jun.* counsel for the defendant, and the said pleadings and proofs being read and duly considered, it is declared, that the bond and warrant of attorney in the pleadings mentioned, for 7,940 dollars, were given, as well to secure the amount of a certain note in the pleadings mentioned, given by. the plaintiff, *George Booth*, and endorsed by the defendant, for 440 dollars, and the amount of another note in the pleadings also mentioned. given by the plaintiff, *George Booth*, and endorsed by the other three plaintiffs, and by the defendant, for 1,400 dollars, as to secure the amount of a bond, conditioned to pay 6,000 dollars, as in the pleadings is also mentioned; and that the proceeds of the judgment entered in pursuance of the said bond and warrant of attorney, in favour of the defendant, against the plaintiff, *George Booth*, in the pleadings also mentioned, ought, in equity, to be applied, according to the sense of this Court, as declared in the order in this cause of the 5th of *January* last; first, to satisfy the said note of 440 dollars; and, next, to satisfy the said note of 1,400 dollars, and the residue thereof to be applied towards satisfaction of the said bond for 6,000 dollars, as aforesaid; and it is declared, that the three last mentioned plaintiffs, *Richard Booth, Jabish Bosworth*, and *George Merkle*, had a right to affirm, or enforce the trust necessarily assumed by covering the note of 1,400 dollars, by the said bond and warrant of attorney; though they were not knowing and assenting to the said judgment bond, at the time it was taken; and it appearing that the defendant had collected and received under the said judgment and execution issued thereon, 1,657 dollars and 56 cents, and that 1,500 dollars had been collected and detained in the hands of the sheriff of the county of *Dutchess,* under the order of this Court: It is thereupon ordered, adjudged, and decreed, and his Honour the Chancellor, by the authority of this Court, doth order, adjudge, and decree, that the said 1,500 dollars be paid towards satisfaction of the principal and interest of the said note of 1,400 dollars, in which the three last mentioned plaintiffs were endorsers;

IN ERROR.
........
ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

and that the defendant pay to the three last mentioned plaintiffs, or to their solicitor, within thirty days, after notice of this decree, so much of the said sum of 1,657 dollars and 56 cents, as shall be sufficient, after satisfying the said note for 440 dollars, in which the defendant alone was endorser, to satisfy the remainder (if any) of principal and interest due on the said note for 1,400 dollars, and unpaid, after the 1,500 dollars shall have been applied as aforesaid; and it is further ordered, that the defendant pay to the three last mentioned plaintiffs, *Richard Booth, Jabish Bosworth,* and *George Merkle,* their costs of this suit, to be taxed, which accrued subsequent to the said order of the 5th of *January* last."

A further decree was, afterwards, made in the cause, that the plaintiff's bill be dismissed, as regarded the *Middle District Bank.*

The CHANCELLOR assigned his reasons for the decree, the substance of which is contained in the decretal order.

*T. I. Oakley,* and *J. Tallmadge,* for the appellant. They cited 10 *Mod.* 488.  2 *Equ. Cas. Abr.* 251.  4 *Johns. Ch. Rep.* 123, 129. 132.  1 *Hen. Bl.* 123. 136.  2 *Ch. Cases,* 212.  1 *Vernon,* 455.  9 *Vesey,* 209.  4 *Johns. Ch. Rep.* 430.  2 *Fonbl. Equ.* 301, 302. note 1.  10 *Johns. Rep.* 524. 539.  1 *Mod.* 202.  8 *Vesey,* 391.  17 *Vesey,* 520. 527.

*P. Ruggles,* contra. He cited 1 *Johns. Ch. Rep.* 409. 119. 1 *Johns. Cases,* 205.  12 *Johns. Rep.* 276.  7 *Cranch,* 71. 2 *P. Wms.* 427.  3 *Merrivale's Rep.* 590.

SPENCER, Ch. J.  The ground on which the bill prayed relief, is, that the appellant having, as is alleged, abundant and ample security in his hands, for the amount of the debt due on the bond and mortgage, must resort to that fund to reimburse himself, for that portion of the debt; and that then he stands as a trustee for the respondents, for the amount he has collected out of the property of *G. Booth,* on

IN ERROR.
........
ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

the execution issued on the judgment thus confessed, which is 3,157 dollars and 56 cents.

It has been, also, contended, that inasmuch as the appellant had assigned the bond and mortgage to the executors of *N. Evertson*, he had no interest in that debt; and that, therefore, the judgment confessed by *G. Booth* can avail the appellant only so far as regards the two notes held by the bank.

His Honour the Chancellor has, by his decree, declared, that the bond and warrant of attorney by *G. Booth*, was given as well to secure the note for 440 dollars, given by *G. Booth*, and endorsed by the appellant, and the amount of the note for 1,400 dollars, given by *G. Booth*, and endorsed by the other respondents, and the appellant, as to secure the amount of the bond conditioned to pay 6,000 dollars; and that the proceeds of the judgment entered up on the bond and warrant of attorney in favour of the appellant, against *G. Booth*, ought to be applied; first, to satisfy the note of 440 dollars, and next, to satisfy the note for 1,400 dollars, and the residue to be applied towards satisfaction of the bond for 6,000 dollars; and he decreed accordingly. In assigning the reasons for his decree, the Chancellor considered the respondents, *R. Booth, Bosworth*, and *Merkle*, as having a right to affirm and enforce the trust assumed by the appellant, in taking the security from *G. Booth* for the payment of the note for 1,400 dollars, although they were not knowing or assenting to the giving the same; and that, inasmuch as the debt due on the bond for 6,000 dollars was fully and amply secured, the appellant ought to be thrown on the mortgage; and that, therefore, he ought not to apply the moneys collected on his judgment towards satisfaction of that debt, or any part of it.

The bill alleges, that the mortgage to the appellant, notwithstanding the prior mortgage to the State, was ample and sufficient security for the bond of 6,000 dollars. This fact is denied by the answer, which asserts, that the mortgaged premises have not, at any time, been worth the amount of the two mortgages; and that the premises have been greatly diminished in value since the execution of the mortgage to the appellant. That the interest on the first

IN ERROR.

ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

mortgage has not been paid up; that the appellant always considered the mortgage to him an inadequate security, and that *G. Booth*, as part of the contract, for giving and accepting the mortgage, agreed to procure a policy of insurance to be effected on the buildings and factory, and to assign the same to the appellant; that a policy was effected for one year, but that *Booth* has subsequently neglected to have the same renewed. The answer denies, that the bond and warrant of attorney given by *G. Booth* to the appellant, was given upon any trust for the respondents; but asserts that they were given solely to secure and indemnify the appellant.

Testimony was taken as to the value of the property embraced by the appellant's mortgage, and the witnesses differ widely in their estimates; but the weight of evidence decidedly is, that the premises are an inadequate security for the mortgages to the State, and to the appellant.

The Chancellor has, undoubtedly, considered the bond and warrant of attorney to confess judgment given by *G. Booth* to the appellant, as enuring, in the first place, to the appellant's benefit, and he has, accordingly, directed the proceeds of the judgment to be first applied to the payment of the note for 440 dollars, of which the appellant was the sole endorser. He has considered it, also, as a security for the bond for 6,000 dollars; or, in other words, for the mortgage debt; and, as has been already stated, as a security for the note of 1,400 dollars, endorsed by *R. Booth, Bosworth, Merkle*, and the appellant; but he has given a preference to the respondents, by directing the amount levied on the execution against *G. Booth*, to be applied to the payment of the note for 1,400 dollars, before any part of it be applied to the payment of the bond for 6,000 dollars.

I yield my entire assent to the proposition, that where a party has two funds out of which he can satisfy his debt, and another creditor has a lien, posterior in point of time, on one of the funds only, the first creditor will, in equity, be compelled to resort to that fund which the junior creditor cannot touch, in order that the junior creditor may avail himself of his only security, where it can be done without

injustice or injury to the debtor or creditor. This princi-
ple, which is so equitable and just, was thus illustrated by
Lord *Hardwicke* in *Lanoy* v. *The Duke and Dutchess of*
*Athol.* (2 *Atk.* 446.) Suppose, he said, a person who has
two real estates, mortgages both to one person, and, after-
wards, only one estate to a second mortgagee, the Court, in
order to relieve the second mortgagee, have directed the
first to take his satisfaction out of that estate only, which is
not included in the mortgage to the second mortgagee, if that
is sufficient to satisfy the first mortgage, in order to make
room for the second mortgagee. The same principle was
adopted in *Wright* v. *Nutt,* (1 *H. Bl.* 150.) and in *Hays* v.
*Ward,* (4 *Johns. Ch. Rep.* 132.) and in several other cases.

But a Court of equity will take care not to give the junior
creditor this relief, if it will endanger thereby, the prior credit-
or, or in the least impair his prior right to raise his debt out
of both funds. The utmost that equity enjoins in such a case
is, that the creditor who has a prior right to two funds, shall
first exhaust that to which the junior creditor cannot resort ;
but where there exists any doubt of the sufficiency of that
fund, or even where the prior creditor is not willing to run
the hazard of getting payment out of that fund, I know of
no principle of equity which can take from him any part
of his security, until he is completely satisfied. If these
principles be applied to the present case, the respondents,
by making the executors of *N. Evertson* parties, might have
invoked the aid of the Court of Chancery, to compel them
to proceed and sell under the mortgage assigned to them,
and, also, to compel the appellant to apply towards that
mortgage, the amount raised on the execution against *G.*
*Booth,* after first satisfying the note for 440 dollars.

They had, also, another remedy ; they might have offered
to pay up the mortgage assigned to the executors of *N.*
*Evertson,* after compelling the appellant to pay the assignees
the surplus in his hands, after first satisfying the note for
440 dollars, and thus, substituting themselves in the place
of the assignees of the mortgage, have availed themselves
of all the rights both of the appellants and the assignees.

I do not understand the Chancellor to have proceeded
on principles in the least irreconcilable with those I have

IN ERROR.
........

ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

IN ERROR.
........
ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

advanced. Indeed, the decree, itself, professes to adopt these very principles. The Chancellor has fallen, as I conceive, into a mistake as to facts. He supposed, that there was no doubt, that the premises mortgaged were an abundant and ample security for the payment of both mortgages, whereas the fact is rendered not only doubtful, but almost certain, that the mortgaged premises are inadequate to pay the principal and interest of both mortgages. In that event, the decree, as it stands, deprives the appellant of the means. of satisfying the mortgage in the hands of the executors of *N. Evertson,* the assignees of the appellant, and leaves him exposed, under his guaranty, to pay whatever the premises may fall short of satisfying the mortgage. I am persuaded, the Chancellor never intended thus to expose the appellant, nor thus to deprive him of the security which he has fairly and honestly acquired.

The counsel for the respondents defended the decree, on a ground not taken by the Chancellor, and on a ground which the decree itself rejects : namely, that the appellant having assigned the bond and mortgage for 6,000 dollars, to the executors of *N. Evertson,* ceased to have any interest in it, and had no right to take the further security of a judgment, as his indemnity for the payment of the debt. It is true, that by the assignment, the debt became due in equity to the assignees ; and *G. Booth,* having notice of the assignment, could not pay the debt to the appellant, to the prejudice of the assignees. But it is not correct to say, that the appellant had no interest in the debt, or its payment by *Booth.* He had guaranteed the payment, and stood answerable for *Booth's* default. He had a right, therefore, to take additional security from him, and such security enured to the benefit of the assignees ; and, in a view of a Court of equity, they were as fully entitled to the benefit of that security, although they were ignorant of its being taken, as the respondents were, as regards the note for 1,400 dollars. But the appellant himself, having fairly acquired this additional security, had a right to hold it, until he was completely indemnified against his responsibility under his guaranty. If the respondents desired to coerce the assignees of the mortgage to resort to that fund, and to exhaust it in

IN ERROR.

ALBANY,
February, 1822.

EVERTSON
v.
BOOTH.

the event of its producing enough to satisfy the mortgage for 6,000 dollars, then their equity to compel the appellant to apply the moneys in his hands to the satisfaction of the note for 1,400 dollars, would have been undoubted.

The executors of *N. Evertson,* who are assignees of the mortgage, have not been made parties. They have not only a material interest in the subject matter of this suit, but no decree can be made to compel a sale under the mortgage, unless they are made parties, for they have the legal and equitable interest in the mortgage. The appellant cannot proceed to a sale under the mortgage, unless he shall be re-invested with his original interest in it.

The present bill is not adapted to such a case. The respondents have neither offered to pay up the mortgage, and become substituted in the place of the assignees ; nor have they required, that the mortgaged premises should be sold, in order to ascertain whether the security of the mortgage is adequate to pay the debt. *G. Booth,* undoubtedly, has a right to require the appellant to apply the moneys raised on the execution, after satisfying the note for 440 dollars, in the event, that the appellant will not be called on, as endorser of the note, for 1,400 dollars, towards satisfying the mortgage. But the bill is not framed with any such intent, nor has any such relief been asked for by the bill, or denied by the appellant.

My conclusion, then, is, that the decree proceeds on a mistake of facts, in relation to the sufficiency of the mortgaged premises to pay both mortgages ; and that there is a want of necessary and material parties ; and, finally, that the bill is not so framed, that any relief can be afforded to the respondents ; and that, consequently, the decree must be reversed, with directions to the Court of Chancery to dismiss the bill with costs.

YATES, J. VAN NESS, J. PLATT, J. and WOODWORTH, J. concurred.

The rest of the Court (except MILES and MOOERS, Senators) being of the same opinion : It was, thereupon, ORDER-

IN ERROR.
........
ALBANY,
February, 1822.

STUART
v.
MECHANICS'
AND FARMERS'
BANK.

ED, ADJUDGED, and DECREED, that the decree of the Court of Chancery be reversed, &c.

Decree of reversal.