Mr. Justice Clayton
delivered the opinion of the court.
It is now conclusively settled that the assignment of a note, secured by mortgage, carries the benefit of the mortgage along with it, to the assignee. Evertson v. Booth, 19 Johns.
This being so, there is but one question in the cause, whether the complainants, the appellees, by their acts or conduct have lost their right to resort to the mortgage for payment of the note assigned to them. The contest is between the holders of the assigned note and the original mortgagor, who assigned it to them, and who holds other notes secured by the same mortgage.
It is not necessary to decide whether the indorser is personally discharged; the question is, whether the property, which was devoted by the mortgage to the payment of the note, has been released. If the complainants had been entirely passive, and taken no steps for the collection of their debt, there would have been no pretext for saying that the mortgaged estate was released. Is the case at all different, when they have used active efforts of diligence, and those efforts have been unavailing 1
It is insisted that they once had the debtor in custody, under arrest, and discharged him, and that they thereby discharged the mortgaged estate. This principle only applies where the arrest has been under final process. The levy of the ca. sa. is' regarded as a satisfaction of the execution, and the release of the body by the creditor prevents his resort to any other means to enforce the collection. But here the debtor was only in custody under mesne process, and he was discharged through the clemency of the complainants, because of his inability to give bail. We do not see that this can affect the mortgaged property.
Again, it is insisted that, as the complainants received the pledge of a steamboat as collateral security when they released the body, and afterwards exchanged the boat with the debtor, for certain promissory notes, also as collateral,-which proved worthless, that they thereby released the mortgaged estate. If a man have two separate' securities for a debt, he may resort to either *150 for payment; he may release one, without affecting his right to the other. It is true, that if another person has a lien on one of the securities, he may file a bill to have them marshalled, and compel the creditor who has the two, to resort to the one on which there is no other incumbrance, and exhaust that, before he comes upon the one on which there is a joint claim. Aldrich v. Cooper, 8 Ves. 381; 19 Johns. 493. But if no such bill has been filed, nor any steps taken to compel the creditor having two securities to take such course, we are not aware of any principle which will deprive him of one, because he has not made the other available.
Another objection is, that the bill had been transferred by the complainants to a bank in New Orleans; and that they had taken it up after it had been protested for non-payment. The indorsement to the bank was a new, distinct, and independent contract. The payment to the bank was not a discharge of the bill, but of the contract of indorsement. Upon its payment the complainants again become the holders of the bill, and restored to their original situation. Bayley on Bills, 142; Callow v. Lawrence, 3 M. & S. 95.
There is nothing in the pleadings or the proofs to show, that the mortgaged estate is insufficient to pay all the claims upon it; consequently there is no room for the consideration of the point pressed in argument, that all the bills and notes secured by the mortgage, should be equally and ratably paid. It has been decided by this court, that all debts secured by mortgage or deed of trust, due at the time the bill is filed to foreclose, or at the time of sale under the deed of trust, should be paid pro rata, out of the estate, if insufficient to pay the whole. Parker v. Mercer, 6 How. 320; Cage, Executor v. Iler, MS. But as the state of facts disclosed in this record does not give rise to the question, and as there is no proof to show that the estate is not fully sufficient to meet all the incumbrances upon it, we cannot, upon a mere suggestion of counsel, reverse the decree.
Decree affirmed.