JOSEPH KNOTT, RESPONDENT, *v.* T. C. SHAW, SHERIFF OF THE COUNTY OF MARION ET AL., APPELLANTS.

JUDGMENT LIEN—PROPERTY WHEN SOLD LIABLE FOR IN INVERSE ORDER OF SALE.—The statute gives to the State a lien upon all the property, real and personal, of a criminal from the time of the commission of the crime. When such property has been sold, either by the party convicted or by his executor or administrator, it is chargeable with the incumbrance in the inverse order of its alienation,—that is to say, the property last sold is to be first charged.

APPEAL from Marion County.

On the 13th day of August, 1873, A. H. Whitley and Susan, his wife, for a valuable consideration, conveyed lot 8, in block 50, in the city of Salem, to one Ramsey. On the 27th of the same month Ramsey, for a valuable consid-

eration, conveyed said lot 8 to said Susan Whitley, by whom it was for a valuable consideration conveyed, on the 4th of February, 1875, to the plaintiff.

Prior to this first conveyance, and at the June term of the Circuit Court, for Marion County, said A. H. Whitley was convicted of the crime of assault with intent to kill, committed upon one Glaze, and judgment of imprisonment for one year in the penitentiary and for costs and disbursements, amounting to $1850.40, was rendered against him. The judgment for costs and disbursements was entered in the lien docket for Marion County on the 5th of July, 1873, and in the lien docket for Polk County on the 4th day of September, 1873.

On the 6th of October, 1873, said Whitley was killed by Glaze, and on the 17th of the same month, Susan Whitley was appointed sole executrix of his will, and so continued until July 27, 1875.

On the 16th and on the 18th days of September, 1873, A. H. Whitley made conveyances of distinct parcels of land to one J. W. Smith. Smith having died subsequently, his widow, who is the administratrix of his estate, and his minor heirs are made parties herein.   On the 20th of June, 1874, Susan Whitley, as executrix, in pursuance of an order of sale by the County Court of Marion County, sold a large quantity of land belonging to the estate of said A. H. Whitley, to different persons, and realized therefrom the aggregate sum of about eighteen thousand dollars.

On the 15th of March, 1875, an execution issued out of the Circuit Court for Marion County, against A. H. Whitley and in favor of the State, for $1850.40, costs and disbursements in the criminal action, and was placed in the hands of the defendant Shaw, who was sheriff, who made levy thereunder on said lot 8 and advertised the same for sale. Plaintiff sued for an injunction to restrain the sale.   The defendants interposed a demurrer, which was overruled by the court and an order made that the lands sold by Whitley in his lifetime, after the commission of the crime for which he was convicted, are liable for the payment of said judgment in the inverse order of their sale.

From this ruling and judgment the defendants appealed.

*John Kelsay,* for Appellant.

*E. C. Bronaugh,* for Respondent.

By the Court, BURNETT, J. :

The first question presented by this appeal is, was all the land owned by Whitley at the time he committed the crime referred to in the complaint, to wit, in November, 1872, covered by the lien of the judgment of conviction, and for costs and disbursements against him, rendered by the Circuit Court for Marion County at the June term, 1873 ? We think it was, since the statute by express terms gives the State a lien upon all the property, real and personal, of the criminal, from the time of the commission of the offense. (Crim. Code, § 763.)

The next question is, was that lien discharged from any part of the land by the sale made by the executrix? We think not. The only effect Whitley's death had upon the lien of the State was to prevent an execution from being issued to enforce it, within six months of the granting of letters testamentary upon his estate, unless leave should be obtained from the County Court or Judge. (Civil Code, § 278.)

This case does not fall within § 1153 of the Code. The holder of the judgment is not compelled to present his claim, established by the judgment to the executor for allowance. (Civil Code, § 1104.)

Since it nowhere appears that the judgment of the State against Whitley was ever presented to Whitley's executrix for allowance, or that the County Court made an order to sell any of Whitley's property subject to the lien of the State, for the purpose of paying off this debt, there is no ground for saying that it was ever discharged from this lien.

The next question is, admitting that all of Whitley's land was subject to this lien, can the State select any portion thereof, in its discretion, upon which to levy? We think not. In several cases the principle has been recognized that where a creditor has a right to two funds for the satisfaction of his debt, the party who has a subsequent claim

upon one fund may compel him to exhaust the other fund before he resorts to that in relation to which such subsequent claim exists. (19 Johns. 486.)

We think that when the judgment creditor disposes of part of the land held by the judgment, the purchaser has an equitable right to have the judgment discharged out of the residue of the property; and that, as to successive purchasers, their lands are chargeable with the incumbrance in the inverse order of alienation,—that is, the lands of the last purchaser are to be first charged. The authorities are conflicting upon this question, but we think where the equities are equal, he who is prior in time must be preferred.

If all the persons who have purchased land of Whitley or his executrix since the lien in question attached, had been made parties to this suit, there would be no difficulty in directing what lands should be first levied upon by the sheriff; but this Court can make no decree that would be binding on those persons who purchased at the sale of the executrix, as they are not made parties to this suit; and since it appears that, as between the purchasers of the land purchased by Knott and that purchased by Smith, the latter should be first subject to the execution of the lien in this case, the decree of the court below so directing will be affirmed, and the widow of Smith, and his heirs, and the subsequent purchasers left to settle between themselves the equities, according to the rule herein laid down.