STATE OF OREGON, APPELLANT, *v.* WILLIAM MUNDS, THOMAS J. BEALE AND S. B. HENDRICKS, RESPONDENTS.

LIEN FOR COSTS IN CRIMINAL CASES—HOW ENFORCED.—The lien which the state has upon the property of persons convicted of felonies, for its costs in the criminal prosecution, may be enforced by execution issued on the judgment of conviction in any case where the convict has not disposed of his property between the date of the commission of the felony and the date of his conviction. Where he has so disposed of it, the lien must be enforced by suit in equity.

IDEM—ENTRY OF JUDGMENT IN LIEN DOCKET.—Upon a conviction for a felony, the judgment for costs, when no time is definitely fixed within which to tax costs and disbursements, must be entered in the judgment lien docket within a reasonable time; and where this is not done, a purchaser in good faith will take the property discharged from the lien. What would be a reasonable time may depend upon the circumstances of the case, but in no case would such entry be within a reasonable time if not made before the next ensuing term of the court.

APPEAL from Douglas county. The facts are stated in the opinion.

*S. H. Hazard, District Attorney,* for the state.

*Wm. R. Willis and L. F. Lane,* for respondents.

By the Court, KELLY, C. J.:

This is a suit in equity, to foreclose a lien in behalf of the state of Oregon against the respondents, arising under section 763, page 455, of the criminal code, which provides that, "in all cases of the commission or attempt to commit a felony, the state has a lien, from the time of such commis-

sion or attempt, upon all the property of the defendant, for the purpose of satisfying any judgment which may be given against him for any fine on account thereof, and for the costs and disbursements in the proceeding against him for the crime."

The facts, as they appear in the pleadings, are substantially as follows: On August 23, 1874, William Munds, one of the respondents, committed a felony, of which he was convicted on May 11, 1875, and sentenced to pay a fine of two hundred dollars and the costs and disbursements of the criminal action. The fine was paid about the time or soon after judgment was given. For some reason the costs were not taxed until October 27, 1877. At the time Munds committed the crime, he was the owner of a tract of land, which he sold and conveyed to respondent Beale on October 4, 1875, who also sold and conveyed it to respondent Hendricks on May 9, 1876. It is now sought by this suit to subject the land in question to sale, in order to satisfy and pay the costs in the criminal proceeding against Munds.

The statute, section 763 of the criminal code, by its own force creates a lien on all the property of a criminal who commits or attempts to commit a crime punished as a felony, which lien continues from the time when the offense was committed until a judgment of conviction is had on the property of the criminal, whether it has been alienated or not. When a judgment is rendered imposing the payment of a fine and costs, that definitely fixes the amount of the liability and renders certain that which before was uncertain. It then becomes the duty of the clerk to enter the amount of the judgment, both of the fine and the costs, on the judgment-lien docket, as in civil cases (sec. 211, Criminal Code), so that all persons desiring to purchase the land of the convict may have due notice of any incumbrance upon it.

But inasmuch as an execution issued upon a judgment to collect the fine and costs could only be levied on property which the defendant had at the time of conviction, it becomes necessary, as in the case under consideration, to resort to a suit in equity to enforce the statutory lien against

property which the convict may have sold before his conviction, and the judgment in the criminal action is then resorted to only to ascertain the amount of the liability or incumbrance with which it is sought to charge the property which has been sold.

After a decree the alienated property is to be sold according to the rule laid down by this court in the case of *Knott* v. *Shaw* (5 Or. 482): "When such property has been sold it is chargeable with the incumbrance in the inverse order of its alienation—that is to say, the property last sold is to be first charged. The court, however, holds that where the convicted defendant has not disposed of any of his property between the time he committed the crime and his conviction of it, that it is unnecessary to resort to a suit in equity in order to subject the property to execution, because an execution can be issued as well on the judgment rendered in the criminal case and all the property of the defendant subject to the lien be sold to satisfy the fine imposed and the costs and disbursements incurred by the state on the trial of the defendant. If in this case the judgment had been docketed, as required by law, on the eleventh day of May, 1875, or within a reasonable time thereafter, the payment of the fine and costs could have been enforced by execution without any difficulty, and it is altogether owing to the inexcusable neglect to tax the costs and disbursements within the proper time that a resort has been had to this suit in equity. As before stated, the Criminal Code, section 211, requires that a judgment in a criminal action, either for a fine or for costs and disbursements, must be docketed as a judgment in civil cases—that is, immediately after the entry of a judgment in any action the clerk shall docket the same in the judgment docket."

It may be said that in many cases it is inconvenient and almost impossible to tax the costs at the close of a term and before the final adjournment of the circuit court; and indeed the practice of the courts has been to leave a blank in the entry of a judgment and fill it when the costs are afterwards taxed. This practice seems to be allowable in

civil cases (Civil Code, sec. 546, p. 224), and doubtless would be in criminal cases also. But when no time is definitely fixed within which the costs and disbursements must be taxed and entered on the judgment docket, we hold that it must be done within a reasonable time. What would be a reasonable time may depend upon the circumstances of each particular case, but in no case would it be within a reasonable time to prolong the taxation beyond the commencement of the next ensuing term of the court. In the case under consideration the judgment of conviction was rendered on the eleventh day of May, 1875, when Munds was sentenced to pay a fine of two hundred dollars and the costs and disbursements of the criminal action.

The fine was paid without any delay, but the costs were not taxed and entered upon the judgment docket until the twenty-ninth day of October, 1877, nearly two and a half years afterwards. In the mean time the respondent Beale purchased the land on the fourth day of October, 1875, nearly five months after the conviction of his vendor. He had a right, then, to presume that the costs, as well as the fine, had been paid.

An examination of the judgment docket disclosed no lien for any sum whatever, either for a fine or for the costs and disbursements incurred by the state in the prosecution of Munds, and consequently no lien followed or afterwards attached to the land when he became the owner of it. As a matter of course his vendee, Hendricks, the other respondent, holds the land free from any lien of that judgment.

The decree of the circuit court is affirmed.