†AMOS LA DOW v. FIRST NATIONAL BANK.

NATIONAL BANKS ENTITLED TO EIGHT PER CENT.

National Banks in Ohio are allowed by law to contract for interest on loans at the rate of eight per cent. per annum, and to reserve the same in advance.

Error to the Court of Common Pleas of Lucas county.

HAYNES, C. J. (orally.)

This action is brought upon petition in error to reverse the judgment of the court below in a certain proceeding therein pending, which arose in the manner which I shall briefly state:

Amos La Dow, a resident of Huron county, in the year 1885, borrowed of the First National Bank of New London, Ohio, $3,700, for which he gave his promissory note, the bank reserving or taking out interest in advance, at the rate of eight per cent. per annum. This note was payable in ninety days, but was from time to time renewed, and, at one time, a payment of $254, or thereabouts was made upon it; but, upon each renewal the amount of interest was—in the language of the petition—"reserved," and this mode of procedure continued until the note in question was given. Judgment was taken on the last note in the common pleas court of this county, by confession, by authority of the warrant of attorney attached to the note, and without notice or process to La Dow.

The plaintiff, La Dow, filed his petition in said court, setting up that there was usurious interest in the transaction which was had between the plaintiff and defendant, and that judgment was taken for a sum largely in excess of the amount actually due upon the note, and the prayer of the petition was that the judgment should be set aside and for a hearing upon the merits of the case. That petition was subsequently amended; and to that petition a demurrer was filed and the case disposed of upon that demurrer, the demurrer having been sustained, and the parties not desiring to amend, judgment was rendered against the plaintiff, Amos La Dow, and, upon that judgment, this petition is prosecuted.

The facts are stated in the petition, and, saving the form of the language used, they are correctly stated. It is claimed by counsel for La Dow that the interest was reserved at the time, and the language which is used is, that the interest was so reserved. We think it sufficiently appears upon the face of the petition that the transaction was, that La Dow went to the bank and borrowed $3,700, and the officers said to him that they would require interest at 8 per cent., to be paid in advance, and thereupon La Dow made the note as stated, and they took out the interest payable in advance, and paid over to him $3,623.00.

When the note fell due, he appeared at the bank and wanted to renew it for six months, and they renewed it for six months, and he paid them $150, in money, being the amount of the interest—or about that sum.

When that note fell due, the same thing was repeated, the note being renewed for three months. About this time he paid on the note $254, or thereabouts—so that afterwards in renewing the note, it was renewed for the original $3,700, less the amount which had been paid—say $252. When the last note became due, a judgment was taken for the face of the note.

Now, the fundamental question raised by counsel of plaintiff is, that the national banks in the state of Ohio, have no right to take interest in excess of six per cent.; that eight per cent. is usurious.

The main question in this case is, as to whether or not the bank is entitled to take interest at the rate of eight per cent. per annum in advance.

The revised statutes of the United States of 1878, in the part relating to the organization and defining the powers of national banking associations, provided the following regulations and penalties as to interest, and authorized the state as well as the federal courts, to enforce them.

"Section 5197. Any association may take, receive, reserve and charge on any loan, or discount made, or upon any note, bill of exchange or other evidence of debt, interest at the rate allowed by the laws of the state, territory or district where the bank is located, and no more, except that where by the laws of any state a different rate is limited for banks of issue

†This judgment was affirmed by the supreme court; see opinion, 51 O. S., 234.

or existing in any such state under this title. When no rate is fixed by the laws of the state or territory, or district, the bank may take, receive, reserve or charge a rate not exceeding seven per centum, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run. And the purchase, discount or sale, at more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest."

I find in the brief, that counsel had originally discussed the question as to whether or not banks might take in excess of the amount of the rate allowed for the state banks, and he cites cases in 22 O. S.

It appears that, subsequent to those decisions, the laws that fixed the rate of interest for the state banks in the state of Ohio, were repealed and have passed out of existence; so that at the time this transaction occurred between La Dow and the bank, there was in Ohio no law in existence so far as we know, fixing the rate of interest specially for the state banks. Now, the contention in the first instance, of the counsel for plaintiff, is upon this phrase: "Interest at the rate allowed by the laws of the state." It is claimed on behalf of the bank that the rate of interest allowed by the laws of the state is eight per cent. It is claimed on behalf of the plaintiff, that the rate of interest fixed by the laws of the state is six per cent., and that when the statute says that banks may take the same rate of interest as allowed by the laws of the state, it means that a bank may take six per cent., and no more.

I will call attention to the interest laws of the state. Section 3179 reads as follows:

"The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per centum per annum, payable annually."

That is to say, in all contracts in writing for the forbearance or payment of money which is to be paid at a future date, the parties may stipulate for the rate of interest not exceeding eight per cent. per annum.

The next section provides that all judgments, decrees or orders rendered upon any bond, bill, or note, shall draw interest at the same rate.

"Section 3181. In cases other than those provided for in the two preceding sections, when money becomes due and payable upon any bond, bill, note or other instrument of writing hereafter made, upon any book account, or settlement hereafter made between parties, upon all verbal contracts hereafter entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract hereafter made, or other transaction which hereafter occurs, the creditor shall be entitled to interest at the rate of six per cent. per annum, and no more."

Now, the reading of that section is: that the money draws interest at the rate at six per cent. per annum when it becomes due and payable, upon any bond, bill, note or other intrument of writing hereafter made, or any book account or settlement hereafter made, and upon all verbal contracts hereafter entered into, and upon judgments, decrees and orders or other transactions which hereafter occurs. Yet the supreme court in the case of Lafayette Society v. Lewis, 7 O., 81, held that parties could not contract for more than six per cent.; overruling Reddish's v. Watson, 6 O., 510.

In the case of Shunk v. Bank, 22 O. S. 508, the supreme court of this state hold clearly, that under this section of the act of congress that I have already referred to—commonly called the National Currency act, the bank is limited to the rate of the state bank. The court say:

"Under sec. 30 of the act of congress of June 3, 1864, commonly called the National Currency act, national banks located in a state where, by the laws thereof, a certain rate of interest is limited for banks of issue organized under state laws, are allowed to take, receive, reserve and charge interest at the rate so limited, and no more, although a greater rate is allowed by the laws of such state to parties other than such state banks."

The circuit court of the United States for district of Missouri has passed upon the question adversely; but the supreme court of the state declined to follow it. About a year after the decision in the Shunk case the supreme court of the United States passed upon this question, as follows:

"Under the thirtieth section of the National Banking Act, which enacts that National banks 'may take, receive, reserve and charge, on any loan * * * interest at the rate allowed by the laws of the state or territory where the bank is located, and no more; except, that where, by the laws of any state, a different rate is limited for banks of issue, organized under state laws, the rate so limited shall be allowed for associations organized in any such state under the act.' National banks may take the rate of interest allowed by the state to natural persons generally, and a higher rate, if state banks of issue are authorized by the laws of the state to take it." Tiffany v. The Bank, 18 Wall. 409.

Without reading this decision, the court discuss the question there, and the holding is in harmony with the discussion. But the decision is based largely upon the general purpose of congress in establishing national banks, and the fact that those banks were intended to be placed in the different states with such powers with regard to the loaning of money and taking interest as would enable them to compete with the banks or capitalists of the state.

It may be said that the simple reading of the word "limited" would seem to be an expression in favor of the decision of the supreme court of Ohio; but the decision of the supreme court of the United States is against it; they holding, among other things, that that act was an enabling, not a limiting act. Then we have the decision of the supreme court of the United States, (and it is hardly necessary to say here that the decision of that court, upon that question, is of paramount authority and is binding upon the courts of the respective states, and is to be followed by them), that the bank is allowed to take the rate of interest that is allowed to individuals That brings us a little further on, to the point that was argued by counsel for plaintiff: What is the highest rate of interest allowed by the state of Ohio to individuals?

As we have already stated, counsel contend here, earnestly, that the rate that is allowed in this state is six per cent., and that the national banks are limited by that rate. The statement of counsel in his brief is as follows:

"The statute does not say the highest rate, or the contract rate, but 'the rate allowed by the laws.' In Ohio, this is six per cent. It is the only contract for any different rate, higher or lower. They may contract for one per cent., or eight per cent., or any rate between, but only one of these—six per cent.—is the statutory and general rate, subject to these contract exceptions. There is no more law for taking the eight than there would be for taking the one per cent. contract exception, and applying that to national banks. Neither is a rate fixed by this contract exception. Six per cent. is the rate fixed by the statute of Ohio. It is definite and fixed. The rest is indefinite and entirely in the discretion of the contracting parties. It is personal, not general; private, not public; contract, and not statutory, with a permitted waiver of the rate allowed by law. Hence it is not 'the rate,' and it is not the one definitely 'allowed by law.' If the statute had said, a rate or any rate, there would be more room for a different construction; but here the definite article is used, and it limits all national banks in the state to a single rate, and that the one fixed definitely by statute, and not an indefinite one left to the caprice or discretion of the parties, etc."

But, we are unable to agree with the learned counsel in the conclusion he has arrived at in this matter; we are very clearly of the opinion that when the act of congress gives or grants to the national banks, or allows that they "may take, receive, reserve and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at the rate allowed by the laws of the state, territory or district where the bank is located and no more" that they intend to give them the same rights in regard to contracting for a rate of interest that is given to individual persons.

Now, clearly, sec. 3179 Rev. Stat. of Ohio allows all persons to stipulate for a rate of interest not exceeding 8 per cent. Is not this rate, then, allowed by law within the terms of the act of congress, when it says that National banks may take the rate allowed by the laws of the state, and is it not clearly within the terms of

the decision of the supreme court of the United States above cited, when that court decides that national banks may take the rate of interest allowed by the state to natural persons generally.

Section 3181, Rev. Stat. of Ohio, above cited, does not in terms provide in regard to the rate of interest that may be charged upon a loan before it becomes due; it is only by the decision of the supreme court that the party is not allowed to recover more than six per cent. by contract for interest before the loan falls due; that court, by a divided court, first holding that the statute did not apply to loans before due, and then, by a divided court, holding that it did, as appears by the cases in 6 and 7 O. before cited. But sec. 3179 provided clearly for stipulating as to the rate upon contracts before loans become due, and thus covers in terms the great body of transactions in the loan of money. To say that under the one statute the rate is fixed by law, and under the other it is not fixed, is giving, we think, an incorrect construction to the statutes. It is fixed in both the statutes, because the boundaries are placed beyond which the parties cannot pass. It is allowed by law, because within the terms fixed by statute, the parties are allowed by the statute to adjust their contract as they please and agree.

It is fixed under sec. 3181, because under the construction given by the supreme court the party cannot recover more than six per cent., though we cannot find that under that statute he may not contract for less. We have no doubt he may do so. Under the one section he may contract up to six per cent., under the other, to eight per cent. Under either section the rate of interest, before the loan falls due, is quite as much the subject of contract as under the other, and under either section the rate is fixed, because limits are fixed beyond which parties may not pass.

On the whole view of the case, as well as upon the decision of the supreme court of the United States before cited, we are of the opinion that the bank was authorized to contract for interest at the rate of eight per cent. in advance. The right to reserve interest in advance is governed by the United States statute, which allows the bank to reserve it, and not by the statute of the state of Ohio.

Counsel referred to the practice and mode in some places as to the rate national banks may take, and I will say in regard to the holding in this county that we had the question up in a case where parties were winding up a manufacturing corporation, and a national bank had a mortgage upon all of its property, which proceded all the other creditors, and the question of eight per cent. interest came up; and, after a very careful examination of it by the lawyers engaged in the case, —and there were a very large number of lawyers in the case,—they unanimously came to the conclusion that the bank was entitled to have eight per cent. interest, and it was allowed to retain interest at that rate, and, so far as I know, the rule in this county has been for the banks, if they chose to do so, to reserve interest at eight per cent. in advance.

Upon our view of the case, the judgment of the common pleas must be affirmed.

G. T. Stewart, Esq., for plaintiff.

Andrews Bros., for defendant.