WALLACE MEYERS v. WILLIAM CAMPBELL, COLLECTOR OF TAXES IN THE TOWN OF NEWTON.

1. Securities belonging to a principal debtor and pledged by him to indemnify his surety, will enure in equity to the benefit of his creditor.
2. The maker of a note mortgaged his real estate to one who endorsed the note for his accommodation, to indemnify the endorser against the endorsement, and afterwards the note was discounted in bank. *Held,* that the debt in the hands of the bank was secured by the mortgage, and that the maker of the note was entitled to have the amount of the debt deducted from the valuation of the real estate, for the purpose of taxation.

On *certiorari.*

Argued at June Term, 1896, before Justices DIXON and LUDLOW.

For the prosecutor, *Charles M. Myers.*

For the defendant, *Lewis Van Blarcom.*

The opinion of the court was delivered by

DIXON, J.   The prosecutor, residing in Newark and being the owner of real estate in Newton, was taxed in the latter place for the real estate on a valuation of $3,800.   He duly claimed a deduction for the amount of two promissory notes, aggregating $4,700, drawn by him to the order of John C. Howell, endorsed for his accommodation by Howell, and discounted for him by the Merchants' National Bank in Newton, of which Howell was cashier.   At the time of the levy and claim the notes were held by the bank, but not yet matured. The claim for deduction was based upon the fact that the prosecutor had given to Howell two mortgages on the real estate in Newton, to indemnify him against his endorsements. The claim was disallowed, and its validity is now the subject for consideration.

The sole objection made against the claim is that the debts for which deduction was asked were not secured by the mortgages, and this raises the only question for us to decide.

Viewed merely as mortgages to Howell, the mortgages did not secure the debts, for the debts were not owing to Howell; they were owing to the bank, which was the creditor, Howell being only surety for the debtor, the prosecutor. In order to hold that the mortgages secured the debts, it must appear that they operated to secure the creditor, the bank.

The question then is, will securities belonging to the principal debtor and pledged by him to indemnify his surety enure to the benefit of his creditor? The authorities answer this question in the affirmative. *Eastman* v. *Foster,* 8 *Metc.* 19; *Rice* v. *Dewey,* 13 *Gray* 47; *Russell* v. *Clark's Executors,* 7 *Cranch* 69; *Evertson* v. *Booth,* 19 *Johns.* 486; *Warner's Appeal,* 2 *Cent. Rep.* (*Pa.*) 44; *Brandt S. & G.,* § 282.

Although the bank's claim to the benefit of these mortgages would become perfect and absolute only after it had fixed the liability of the surety by due demand and notice on maturity of the notes, yet it is evident that before maturity the debts in its hands were rendered more secure by these mortgages, just as they were by the endorsements. Nor was the real security impaired by the fact that it was available in equity only. In practice, all mortgages of real estate are merely equitable securities.

Our conclusion is that the debts were substantially secured by the mortgages, and that, under our Tax act (*Gen. Stat.,* *p.* 3275, §§ 113, 198), the deduction claimed by the debtor should have been allowed, and the debts should have been assessed as property of the bank. Indeed, the debts probably were so assessed, for, on the assessor's theory, they were not secured by mortgage.

The assessment against the prosecutor is set aside, with costs.