WALLACE MYERS v. WILLIAM CAMPBELL, COLLECTOR OF THE TOWN OF NEWTON.

Submitted July 14, 1899—Decided November 13, 1899.

1. A mortgage of real estate, securing a contemporaneous loan of money advanced by a national bank, is valid *inter partes*.
2. The taxation of the shares of stock in national banks, under the act of April 1st, 1869 (*Gen. Stat.*, p. 3302), is substantially taxation of all the property of the banks, so that debtors of such banks, who have secured the debts by mortgaging their real estate, may properly claim to deduct the debts from the assessed value of the realty.
3. The act of March 28th, 1895 (*Gen. Stat.*, p. 3455), does not impair the right to have debts, which are due to national banks and are secured by mortgage on real estate, deducted from the assessed value of the realty, for the purpose of taxation.

---

On *certiorari* in matter of taxation.

Before Justices DIXON and COLLINS.

For the prosecutor, *Colie & Swayze.*

For the defendant, *Lewis Van Blarcom.*

The opinion of the court was delivered by

DIXON, J. The prosecutor, a resident of Newark and owning real estate in Newton, was in the year 1895 taxed at the latter place for the real estate on a valuation of $3,800.

He duly. claimed a deduction for two promissory notes amounting to $4,700, drawn by him to the order of John C. Howell, endorsed for his accommodation by Howell and discounted for him by the Merchants' National Bank in Newton, of which Howell was cashier. At the time of the claim and the levy the notes were held by the bank but not yet matured. The claim for deduction was based on the fact that the prosecutor had given to Howell two mortgages on the real estate in Newton to indemnify him against his endorsements. The claim was disallowed and its validity is now the subject for consideration.

In *Meyers* v. *Campbell,* 30 *Vroom* 378, this court decided that the notes held by the bank were debts secured by the mortgages, and hence, under the Tax act (*Gen. Stat., p.* 3275, §§ 113, 198), the deduction should have been allowed.

The defendant now, however, raises three objections not presented in the former controversy—*first,* that, under the national banking law, a national bank has no power to take or hold a mortgage on real estate to secure a contemporaneous loan, and therefore has no right to claim that such a mortgage held by another enures to its benefit; *second,* that the notes held by the bank were not taxable, and therefore no deduction could be claimed on account of them under the decision in *Davison* v. *Silver,* 12 *Vroom* 505; and *third,* that the act of March 28th, 1895 (*Gen. Stat., p.* 3455), forbids the making of any deduction from the taxable value of real estate because of the indebtedness of the owner to a national or state bank.

The first objection is fully answered by the decisions of the United States Supreme Court in *National Bank* v. *Matthews,* 98 *U. S.* 621, and *National Bank* v. *Whitney,* 103 *Id.* 99, where it was held that such a mortgage held by a national bank was valid *inter partes* and that only the government could question the legality of the transaction. The court also cited with approval *First National Bank of Fort Dodge* v. *Haire,* 36 *Iowa* 443, to the effect that the equitable claim of a national bank holding a promissory note, that a mortgage of real

estate executed by the maker of the note to indemnify the endorser, should enure to the benefit of the bank as endorsee, was not within the prohibition of the federal statute.

The second objection, that the notes were exempt from taxation, is not founded in fact. For the purpose of taxation corporate property may be represented by the corporation itself as legal owner, or by the corporate stockholders as beneficiaries. *Hancock, Comptroller*, v. *Singer Manufacturing Co.*, 33 *Vroom* 289. In pursuance of the act of congress approved February 10th, 1868 (*U. S. Rev. Stat.*, § 5219), the stockholders are to be the parties through whom the property of national banks is made subject to state taxation, and accordingly the legislature of New Jersey, on April 1st, 1869 (*Gen. Stat.*, p. 3302), enacted that all shares of stock in such banks should be assessed either to the holders if resident in the state or to the bank if the holders were non-resident. Under these laws the shares are to be assessed at their actual value, which represents the value of all the bank's tangible assets and also of its business and franchises. *Stratton* v. *Collins*, 14 *Vroom* 562. In this mode all of the bank's property is substantially reached by the power of taxation. That the national and state legislatures did not tax the banks themselves for their property, was due not to any design of exempting that property from its just proportion of public burdens, but to a purpose to tax it only once and in the manner deemed most convenient.

The third objection, rested on the act of March 28th, 1895, falls, in view of the proviso of the act, which declares that nothing in the act contained shall be construed in any way to alter or amend the method of taxing bonds and mortgages or real property which is subject to mortgage. The method of taxing real property subject to mortgage is the matter with which we are now dealing.

Our conclusion is that the deduction claimed should have been allowed, and therefore the tax is set aside, with costs.